## LIABILITY FOR THE CONDITION OF A PRIVATE WAY WHICH THE PUBLIC IS IN THE HABIT OF USING.

[Circuit Court of Summit County.]

BUCHTEL COLLEGE v. WILLIAM T. MARTIN.

Decided, July 28, 1903.

*Negligence—Private Way—Permission or Inducement to Use—Changes In, Making it Dangerous—Responsibility for Condition of—Expenses on Account of Injury.*

1. An owner whose business requires him to keep a pathway or walk over his premises, and who permits the general public to use such walk, can not be said said to invite such use, even though the walk leads from one street to another; and the only obligation the owner is under with reference to such walk is not to make pitfalls therein, or near thereto, or changes rendering the walk dangerous, without ordinary care in notifying persons in the habit of using the walk of such changes or pitfalls.

2. When the principal building on such premises has been destroyed by fire, and the owner is rebuilding, and a portion of such walk

is ·torn ·up, ·and piles ·of ·brick and· sand are placed thereon, and empty barrels and a large wooden mortar box are in close proximity, sufficient notice is thereby given of danger and that the owner forbids the use of the walk, and one who thereafter attempts to ·use it, and climbs over· a pile· of sand on such walk and falls into an excavation ·on the other side· of the sand, and is injured, can not recover from the owner for the injury. ·

3. It is error to charge a jury that recovery can be had on account of expenses attendant upon an injury, where there is no evidence before the jury as to the amount of such expenses.

LAUBIE, J.; BURROWS, J., and WINCH, J., concur.

··Error to court of common pleas.

The verdict in this case was manifestly against the weight of the evidence, and the plaintiff was not entitled to recover.

The condition of the college grounds on the night in question was sufficient notice to the plaintiff of danger, and to stop his further progress in the direction he was going. It was known to him that the defendant was rebuilding its college and re-arranging its college grounds, and· directly across the stone walk he was following, the defendant had placed a large pile of sand at the edge of the excavation, which he was obliged to mount and pass before he could fall into such excavation. Immediately to the right of this sand pile was a large wooden mortar box, and piles of bricks were at the left, and empty barrels were around in close proximity.

There was light enough for him to see these objects, and they were sufficient notice to him that such walk was designedly closed, and that he must not proceed further along the walk in the direction he was going. If there was any obscuration of the moon's light by clouds, he had ample notice to stop when he struck the sand pile.

The stone walk was a narrow one—less than three· feet wide, and that this sand pile was directly on it was beyond question. He was the only witness who testified that it was not on the walk, and he had to do that to avoid admitting his own negligence. The next morning there were marks on this pile that showed that some person had recently walked over it.

In addition to all this, he had sufficient notice that the defendant forbade the use of its grounds for the purpose he was using them, in that it had destroyed the continuity of the walk from street to street by taking up the flagging for a considerable distance of the way he traveled and placing piles of bricks thereon; and this also he found it necessary to deny, although he was finally compelled to admit that he knew part of the flagging had been removed.

This action of the defendant was set up in its answer as a defense.

The charge of the court was misleading and, in part, erroneous.

The accident happened on a Sunday evening. On Saturday noon when the men stopped working, the defendant caused a barrier to be put across the walk just north of the sand pile by placing a barrel on each side of the walk and laying thereon across the walk some light boards to bar the way; and this barrier was there on Sunday morning; whether it was there on Sunday evening was uncertain, and no one went there on that evening on the part of the defendant to see that it was still there. Whether this was sufficient to exonerate the defendant under the circumstances was not noticed, or called to the attention of the jury, in the submission of the case, but there was no request made by the defendant to instruct the jury upon this point.

The court did, however, we think, mislead the jury in stating the defense set up and relied upon by the defendant.

The defendant denied that there was a path maintained by it, or existing, from street to street, across its grounds at the time in question; but the court, in its statement of the defense, and throughout its whole charge, stated in effect and assumed that the defendant admitted that the path was there and maintained as claimed by the plaintiff; nor was this corrected by what the court said to the jury after the full and formal charge had been completed. Nowhere in it was this point specially named or referred to, or the effect that might or should be given to the fact that the defendant had destroyed the continuity of the old path, as heretofore referred to. And, in this connection, we think the court erred

in refusing the requests to charge of the defendant, numbered 2 and 4, as shown on pages 219 and 220 of the bill of exceptions, as follows:

"(2). If you find from the evidence that the college building of the defendant was destroyed by fire on December 20, 1899, and that in consequence of such fire, the established walks and drives of the north and west sides of said building were rendered impassible, and that thereafter said walks on the north and west sides were taken up and were not replaced, and that from the time of the fire to the time of the plaintiff's accident there were no defined walks connecting the Buchtel avenue and Carroll street walks, and if you find that, during said time the old walks were more or less obstructed by debris and building material and that the grounds were also so obstructed, and that building operations were in progress, then under such circumstances the plaintiff would have no right to assume that the walks were safe and unobstructed, and in going upon them, did so at his own peril.

"(4). If you find from the evidence that the plaintiff in crossing the college grounds on the usual stone walks came to a place where the walks had been removed, then it would be the plaintiff's duty to take notice of such facts, and he would have no right to continue further in the belief that the walks were safe and unobstructed."

The defendant was entitled to have each of these requests given—they were good law as applied to the facts of the case.

The court also erred in instructing the jury that it might find under the evidence that the defendant had invited the public and the plaintiff to use its grounds as a way from one street to the other, and, as stated in plaintiff's request No. 1, as given by the court, and generally in the charge, that if the defendant had permitted such use, it was bound to keep its premises in a reasonably safe and suitable condition for the use of those passing over and using them in the manner and for the purpose stated.

An owner of premises whose business requires him to keep a pathway over them, though it be from street to street, and permits, without objection, the public to use such pathway solely for the purpose of passing from street to street, with no connection with him or his business, can not be said to invite such use; and the only obligation resting upon such owner is, not that he must expend

money and labor upon such pathway to keep it in repair for the public, but simply not to make pitfalls or changes of a dangerous character on or near such walk without exercising ordinary care to notify those so using the pathway of such pitfalls or changes by the erection of proper barriers, or otherwise.

"No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not expressly invited to enter, or induced to come upon them by the purpose for which the premises are appropriated or occupied."

"Mere permission is neither inducement, allurement, nor enticement." "And the inducement here spoken of must be equivalent to an invitation to enter." 29 O. S., 372; 43 O. S., 263.

The court further erred in instructing the jury that they might render a verdict for the plaintiff for the expenses he was put to by reason of his injuries.

There was no evidence of the amount of such expenses; all evidence on that point had been withdrawn by consent from the jury and, consequently, no verdict could be rendered therefor. 19 C. C. R., 703.

For the reasons given this cause must be reversed and remanded.

*Tibbals & Frank,* for plaintiff in error.

*Grant & Seiber,* for defendant in error.